Mr. Justice.CLIFFORD,
dissenting':
Unable to. concur either in the opinion or judgment in this case, I will proceed, to state, in very brief terms, the reasons which compel me to withhold my concurrence.
*668 Corporations of a municipal .character are created by the legislature, and the legislature, as-the trustee or guardian of the public interest, has the exclusive and unrestrained control over such a franchise, and may enlarge, diminish, alter, change, or abolish the same at pleasure. Where' the -grantees of a franchise, as well as the grantors, are.public-bodies and the franchise is created solely for municipal objects, the grant is at all times within the control of the legislature, and consequently the charter is subject to amendment or repeal at the will of the granting power.*
Errors of indiscretion which the legislature may commit in the exercise of the power it possesses cannot be corrected by the courts, for the reason that the courts cannot adjudge an act of the legislature void unless it is in violation of the Federal or State constitution.†
State constitutions, may undoubtedly restrict the power of the legislature to. pass laws, and it is plain that any law -passed in violation of such a prohibition is void, but the better opinion -is that where the constitution of the State contains no prohibition upon t,he subject, express or implied, neither the State nor Federal courts can declare a statute of the State void as unwise, unjust, or inexpedient, nor for any other cause, unless it be repugnant to the Federal Constitu-, tion. Except where the Constitution has imposed limits upon the legislative power the rule of-law appeal’s to be that the power of legislation must be considered as practically absolute, whether the law operates according to natural justice or not itrany particular ease, for the reason that courts are not the guardians of.the rights of the. people .of the State, safe where- those rights are secured by some constitutional provision which comes within judicial cognizance; of, in the language of Marshall, C. J.',' “ The interest, wisdom, and justice of the representative body furnish the only security *669 in a large class of cases not regulated by any constitutional provision.”*
Courts cannot nullify an act of the State legislature on the vague ground that they think it opposed to a general latent spirit supposed to pervade or underlie the constitution, where neither the terms nor the implications of the instrument disclose any such restriction.† Such a power is denied to the courts, .because to concede' it would be .to make the courts sovereign over .both the' constitution and the people, and convert the government into a judicial despotism.‡
Subject to the Federal Constitution the legislature of the State possesses the whole legislative power of the people, except so far'as the power is limited by the State constitution.§
Our own decisions aré to the same effect, as appears,by one of very recent date, in which the court say'that “the legislative power of a State extends to everything within the sphere of such power, except as'it is restricted by the Federal Constitution or that' of the State'.”||
Apply, those principles to the' cases before the court and it follows, as it seems to me, .that the judgment in each case should be reversed for the following reasons: (1.) Because the demurrer to the declaration in each case should have been overruled. (2.) Because tfye bonds to which the coupons sued on were attached were iss'ue'd in pursuance of the express authority of the legislature vesting that power in the corporation defendants. (3.) Because the constitution of the State does not in any manner prohibit the passage of such a law as that under which the bonds were issued. (4.) Because it is not competent for a Federal court to adjudge -a State statute void which does not conflict in any respect with the-Constitution of-the United States or that of the-State whose legislature enacted the statute.
*670 TTuwise laws and such as are highly inexpedient' and unjust are frequently passed by legislative bodies, but there is no power vested in a Circuit Court hor in this court, to determine that any law passed by a State legislature is void if it is not repugnant to their own-constitution nor the Constitution of the United States.
Vague apprehensions seem to be entertained that unless such a power is claimed and exercised inequitable consequences may result from unnecessary taxation, but in my judgment there is much more to be dreaded from judicial decisions which may have the effect to sanction the fraudulent repudiation of honest debts, than from any statutes passed by the State to enable municipal corporations to meet and discharge their just pecuniary obligations.

 Hartford v. Bridge Co., 10 Howard, 534; Bissell v. Jeffersonville, 24 Id. 294; Darlington v. Mayor, 31 New York, 187; Granby v. Thurston, 23 Connecticut, 416; 2 Kent (12th ed.), 275.

 Benson v. Mayor, 24 Barbour, 248; Clarke v. Rochester, Ib. 446; Bank v. Rome, 18 New York, 38.

 Bank v. Billings, 4 Peters, 563; Cooley on Constitutional Limitations (2d ed.), 168; Calder v. Bull, 3 Dallas, 398.

 Walker v. Cincinnati, 21 Ohio State, 41.

 Golden v. Prince, 3 Washington’s Circuit Court, 313.

 Bank v. Brown, 26 New York, 467; People v. Draper, 15 Id. 532.

 Pine Grove v. Talcott, 19 Wallace, 676.